UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KRISTINE BENDER,

                                    DECISION
                    Plaintiff,              and
            v.                      ORDER

LOWE'S HOME CENTERS, INC.,          20-CV-1662-LJV-LGF

                    Defendant.
_____

APPEARANCES:   THE LAW OFFICES OF ROBERT D. BERKUN
               Attorneys for Plaintiff
               ROBERT D. BERKUN, of Counsel
               43 Court Street
               Suite 930
               Buffalo, New York  14202
                          and
               JESSICA TIBURCIO, of Counsel
               350 Main Street
               Suite 2150
               Buffalo, New York  14202

               RUPP PFALZGRAF LLC
               Attorneys for Defendant
               THOMAS P. CUNNINGHAM, and
               CORY JOHN WEBER, of Counsel
               1600 Liberty Building
               424 Main Street
               Buffalo, New York  14202


## **JURISDICTION**

        This case was referred to the undersigned by Honorable Lawrence J. Vilardo on

January 4, 2021, for all nondispositive pretrial matters.  The matter is presently before

the court on Plaintiff's motions filed August 21, 2022 (Dkt. 24), and September 2, 2022

(Dkt. 25), both seeking leave to file an amended complaint to join defendants and remand the matter to state court and to amend the scheduling order.[1]

## BACKGROUND and FACTS[2]

On August 19, 2020, Plaintiff Kristine Bender ("Plaintiff"), commenced this action by filing in New York State Supreme Court, Erie County ("state court"), a complaint ("Complaint")[3], alleging that she sustained serious personal injuries on December 11, 2019 when she and fell in the parking lot of Defendant Lowe's Home Centers, Inc. ("Defendant" or "Lowe's"), located at 3195 Southwestern Boulevard in Orchard Park, New York ("the premises").  Plaintiff attributes her fall to an accumulation of snow and ice which Defendant failed to clear from the parking lot at the premises.  On September 30, 2020, Defendant filed an answer ("the Answer")[4] in state court consisting of a general denial of Plaintiff's claims and asserted 14 affirmative defenses.

On October 13, 2020, Plaintiff made a written demand to Defendant for damages of $ 195,000.  Plaintiff is a New York resident and Defendant is a limited liability company organized under the laws of North Carolina with its principal place of business also in North Carolina.  On November 12, 2020, Defendant removed the action to this court citing diversity of the parties as the basis for subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

---

[1] Motions to amend a pleading and to amend a scheduling order are non-dispositive, *see Fielding v. Tollaksen*, 510 F.3d 175, 178 (2d Cir. 2007) (motion to amend pleadings is non-dispositive); *Eagen v. Glassbrenner*, 2015 WL 3637410, at * (W.D.N.Y. June 10, 2015) (motion to amend scheduling order is non-dispositive); motions to remand are dispositive.  *Williams v. Beemiller, Inc.*, 527 F.3d 259, 266 (2d Cir. 2008) (motions to remand are dispositive).
[2] The Facts are taken from the pleadings and motion papers filed in this action.
[3] A copy of the summons and Complaint is filed as Exhibit B to the Notice of Removal (Dkt. 1-2 at 2-6).
[4] A copy of the answer is included in Exhibit B to the Complaint (Dkt. 1-2 at 8-12).

On April 30, 2021, Defendant moved for leave to file a third-party complaint to assert claims of contractual and common law indemnification and contribution against Kellermeyer Bergensons Services, LLC d.b.a. National Maintenance Systems, LLC, with whom Defendant had contracted for snow and ice removal at the premises. (Dkt. 9) ("Defendant's Motion to Serve Third-Party Complaint").  Although the motion was granted by Text Order entered June 3, 2021 (Dkt. 11), Defendant, to date, has not filed any third-party complaint.

During a final pretrial conference on June 7, 2022 (Dkt. 19), the parties requested an extension of time to complete discovery.  Accordingly, a Second Amended Scheduling Order was entered (Dkt. 20), setting, *inter alia*, September 6, 2022 as the deadline for discovery with dispositive motions to be filed by December 30, 2022.  On August 31, 2022, Plaintiff filed a motion to amend the Complaint for permissive joinder of a party, *i.e.*, National Maintenance Systems, Inc. ("NMS"), a Rhode Island corporation with a principal place of business in New York, and the joinder of which would destroy diversity jurisdiction such that Plaintiff also requested the matter be remanded to state court.  Dkt. 24 ("Plaintiff's First Motion").

On September 2, 2022, Plaintiff filed a motion seeking to amend or correct Plaintiff's First Motion by requesting leave to amend the Complaint for the permissive joinder of two parties, *i.e.*, Kellermeyer Bergensons Services, LLC, d/b/a National Maintenance Systems ("KBS"), a Delaware corporation with its principal place of business in Ohio, and with which Defendant had entered into a contract for maintenance services including, as relevant here, snow and ice removal at the premises.  Dkt. 25 ("Plaintiff's Second Motion").  In Plaintiff's Second Motion, Plaintiff

also requests permissive joinder of one Mark Weinstein ("Weinstein"), d/b/a Snowplow Doctor, a New York resident to whom KBS had delegated its maintenance service contractual obligations, including for snow and ice removal at the premises.  As with Plaintiff's First Motion, Plaintiff recognizes that adding Weinstein as a defendant will destroy diversity jurisdiction and thus requests the case be remanded to state court, as well as to extend the deadline to complete discovery.  Plaintiff's Second Motion is supported by the attached Amended Memorandum in Support of Plaintiff's [Second] Motion (Dkt. 25-1),  ("Plaintiff's Memorandum"), and exhibits A through D (Dkts. 25-2 through 25-5) ("Plaintiff's Exh(s). __").  On September 22, 2022, Defendant filed the Attorney Declaration [of Cory J. Weber, Esq.] (Dkt. 27) ("Weber Declaration"), attaching exhibits A and B ("Defendant's Exh(s). __"), and the Memorandum of Law in Opposition to Plaintiff's Motion to Amend, Extend CMA Deadlines, and Remand (Dkt. 27-1) ("Defendant's Memorandum").  Plaintiff did not file any papers in reply and oral argument was deemed unnecessary.[5]

Based on the following, Plaintiff's First Motion is DISMISSED as moot; Plaintiff's Second Motion is DENIED in part and DISMISSED as moot in part.

## **DISCUSSION**

### 1.    **Plaintiff's First Motion**

Preliminarily, the court addresses the fact that Plaintiff's Second Motion is intended to replace Plaintiff's First Motion.  Specifically, although not specifically stated

---

[5] Because the matter was not referred to the undersigned for a report and recommendation on dispositive motions, Defendant's pending summary judgment motion filed December 30, 2022 (Dkt. 28), is not addressed.

in the documents comprising Plaintiff's Second Motion, the docket entry for Plaintiff's Second Motion is "First MOTION to Amend/Correct the Motion filed on August 31, 2022 (which has since been removed by the Court)." Dkt. 25. Further, a review of the papers submitted in support of Plaintiff's First and Second Motions establishes they seek essentially the same relief except that Plaintiff's First Motion seeks to add NMS as a defendant, whereas Plaintiff's Second Motion seeks to add KBS doing business as NMS, and Weinstein as defendants. Accordingly, Plaintiff's Second Motion seeks the same relief as Plaintiff's First Motion, rendering Plaintiff's First Motion unnecessary. Plaintiff's First Motion is DISMISSED as moot.

**2.      Plaintiff's Second Motion**

Plaintiff's Second Motion seeks to add as defendants KBS and Weinstein and, acknowledging the addition of Weinstein will destroy diversity jurisdiction, requests the matter be remanded to state court, and requests an extension of the discovery deadline. In support of the motion, Plaintiff maintains it was not until August 29, 2022, when Defendant's responses to discovery were received revealing Defendant's contractual agreement with KBS for maintenance services, including snow and ice removal, at the premises, and that KBS had delegated such contractual obligation to Weinstein. Plaintiff's Memorandum at 2 (referencing Plaintiff's Exh. C (Dkt. 25-4) at 20, 98. According to Plaintiff, because the prospective claims Plaintiff seeks to assert against KBA and Weinstein arose from the same transaction or occurrence leading  to Plaintiffs' fall on December 11, 2019, questions of law and facts common to Plaintiff's fall and injury will arise and Plaintiff will be significantly prejudiced joinder is not permitted because Plaintiff will have to pursue a separate action in state court given both KBS and

Weinstein are not diverse.  *Id*. at 3-4.  Plaintiff further maintains the requested amendment will not be prejudicial to Defendant because the contractual agreements between Defendant and KBS, and between KBS and Weinstein require indemnification to Defendant in this action.  *Id*. at 4.

In opposition to Plaintiff's Second Motion, Defendant argues Plaintiff's Second Motion is defective insofar as the proposed amended complaint ("Proposed Amended Complaint"),[6] neither names Weinstein as a defendant nor asserts any allegations against Weinstein.  Defendant's Memorandum at 3.  Defendant also argues the amendments sought in Plaintiff's Second Motion are futile because neither KBS nor Weinstein owed Plaintiff a duty of care.  *Id*. at 4-7.  According to Defendant, leave to amend should also be denied as untimely, *id*. at 7-9, maintaining Plaintiff seeks the amendment to add Weinstein as a defendant only to destroy diversity.  *Id*. at 10-11. Defendant further argues Plaintiff has not shown good cause as required to extend the deadlines in the Second Amended Scheduling Order.  *Id*. at 12-13.

Although denominated as a motion for leave to amend the Complaint, Plaintiff is seeking to add KBS and Weinstein as defendants against whom Plaintiff seeks to assert joint and several liability with Lowe's for her injuries sustained.  Proposed Amended Complaint.  Accordingly, Plaintiff's Second Motion is made pursuant to Fed.R.Civ.P. 15(a) ("Rule 15(a)"), which governs the amendment of pleadings as well as Fed.R.Civ.P. 20 which governs the joinder of permissive parties.  Further, as the parties do not dispute, this case is before the court on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the addition of Weinstein as a defendant will destroy diversity

---

[6] Plaintiff's Exh. D.

requiring remand to state court.  *See* 28 U.S.C. § 1447(c) (requiring remand to state court if "at any time before final judgment it appears that the district court lack subject matter jurisdiction").  *See also Smith v. Nkomarume*, 2018 WL 4660362, at * 3 (S.D.N.Y. Sept. 5, 2018) ("If complete diversity is destroyed by joinder of a new party, and if the federal court otherwise lacks subject matter jurisdiction over the case, the case must be remanded." (citing *Hunt v. Stryker Corp*., 2004 WL 502186, at *2-4 (S.D.N.Y. Mar. 10, 2004)).  Where, as here, amendment is sought to join a party whose presence in the action will destroy diversity and require remanding the case to state court, "the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  In the instant case, the court should deny joinder because Plaintiff has failed to establish good cause to amend the scheduling order to permit the joinder of KBS and Weinstein after the deadline for such motions elapsed on April 30, 2021.

"The ability of a plaintiff to amend the complaint is governed by Rules 15 and 16 of the Federal Rules of Civil Procedure which, when read together, set forth three standards for amending pleadings that depend on when the amendment is sought." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, __ U.S. __; 142 S. Ct. 1112 (2022).   Generally, a motion to amend pleadings is governed by Rule 15(a) which, as relevant, provides "[t]he court should freely give leave when justice so requires."  Fed.R.Civ.P. 15(a)(2).  *See Foman v. Davis*, 371 U.S. 178, 181 (1962) (leave to file an amended complaint "shall be freely given when justice so requires.").  "[A] plaintiff may freely amend her pleadings pursuant to Rule 15(a)(1) as of right without court permission."  *Sacerdote*, 9 F.4[th] at 115 (citing Fed.R.Civ.P. 15(a)(1)).  "After that period ends - either upon expiration of a specified period in a scheduling order or upon

expiration of the default period set forth in Rule 15(a)(1)(A)—the plaintiff must move the court for leave to amend, but the court should grant such leave "freely . . . when justice so requires" pursuant to Rule 15(a)(2)." *Id.* "This is a 'liberal' and 'permissive' standard, and the only 'grounds on which denial of leave to amend has long been held proper' are upon a showing of 'undue delay, bad faith, dilatory motive, [or] futility.'" *Id.* (quoting *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015)). "The period of 'liberal' amendment ends if the district court issues a scheduling order setting a date after which no amendment will be permitted. It is still possible for the plaintiff to amend the complaint after such a deadline, but the plaintiff may do so only up a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Id.* (citing *Parker v. Columbia Pictures*, 204 F.3d 326, 340 (2d Cir. 2000)).

In the instant case, the court's original Scheduling Order (Dkt. 7) ("Scheduling Order"), set April 30, 2021 as the deadline for joining parties and amending pleadings and that date was not extended by either of the two amended scheduling orders (Dkts. 14 and 20).  The original Scheduling Order specifically provides that "[a]ll motions to join other parties or third party practice and to amend the pleadings including claims shall be filed on or before April 30, 2021."  Scheduling Order ¶ 6.  Because the Scheduling Order set an expiration date after which all amendments were prohibited, the Rule 16(b)(4) "good cause" standard applies to Plaintiff's Second Motion seeking to amend. *Cf. Sacerdote*, 9 F.4th at 115 (district court committed legal error by applying higher Rule 16(b)(4) good cause standard to request to amend pleadings and add defendants where the scheduling order provided a deadline for such amendments "without leave of

court" and no other expiration date after which all amendments were prohibited such that the plaintiffs' motion to amend after the stated deadline required only leave of the court under Rule 15(a)'s more "permissive standard")).  Therefore, because Plaintiff seeks to amend after the stated deadline, Plaintiff must demonstrate good cause for the amendment under Rule 16(b)(4).

Rule 16(b)(4) provides "[a] schedule may be modified only for good cause and with the judge's consent."  Fed.R.Civ.P. 16(b)(4).  The purpose of "Rule 16(b), in allowing modifications of scheduling orders only for good cause, provides the district courts discretion to ensure that limits on time to amend pleadings do not result in prejudice or hardship to either side."  *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 243-44 (2d Cir. 2007).  To establish the requisite "good cause" for amending a scheduling order, the party seeking amendment must demonstrate that the deadline cannot be met "despite the diligence of the party seeking the extension."  Fed.R.Civ.P. 16 advisory committee's note (1983 amendment, discussion of subsection (b)).  "A finding of good cause depends on the diligence of the moving party."  *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003) (citing *Parker v. Columbia Pictures Industries,* 204 F.3d 326, 340-41 (2d Cir. 2000)).  Accordingly, where the court determines that the deadline cannot be met, despite the diligence of the party seeking the extension, the moving party has demonstrated good cause and the motion to amend the scheduling order and extend deadlines may be granted.  *Parker,* 204 F.3d at 340. In the instant case, Plaintiff has failed to establish the requisite good cause to file an amended complaint.

Significantly, Plaintiff makes no attempt to establish good cause for amending the Scheduling Order and no basis for good cause is evident from the record.  Although Plaintiff maintains that she did not learn of the contractual agreement between Lowes and KBS, and KBS's subsequent delegation of maintenance services to Weinstein until Plaintiff received Defendant's responses to Plaintiff's discovery requests on August 29, 2022, Plaintiff's Memorandum at 2, Defendant points to evidence refuting Plaintiff's assertion.  Specifically, Defendant states that Plaintiff's counsel contacted Defendant on August 24, 2022, *i.e.*, before the August 29, 2022 service of Defendant's discovery responses which Plaintiff maintains first revealed that viable claims may lie against KBS and Weinstein.  Defendant's Memorandum at 8-9 (citing Weber Declaration ¶¶ 13-14 and Defendant's Exh. B (Dkt. 27 at 15) (August 24, 2022 e-mail from Plaintiff's counsel to Defendant's counsel requesting Defendant's position on a stipulation to add National Maintenance Systems as a defendant without a motion by Plaintiff).  Defendant further maintains that Defendant's own motion filed April 30, 2021 for leave to file a third-party complaint against KBS, d.b.a. National Maintenance Systems, LLC for contractual indemnification (Dkt. 9), sufficiently alerted Plaintiff that she could seek to hold KBS and Weinstein jointly and severally liable with Lowe's.  *Id*. at 9 (citing Dkt. 9).[7]  Defendant's filing of its motion to amend on April 30, 2021, alerted Plaintiff to the contractual obligations between Defendant and KBS, completely undermining Plaintiff's assertion that she was unaware until August 29, 2022 of the potential additional defendants. Because Plaintiff was in possession on the information necessary to support a motion to

---

[7] Although Defendant's motion to file the third-party complaint, which was unopposed, was granted by Text Order entered June 3, 2021 (Dkt. 11), Defendant never filed the third-party complaint and KBS has not been joined as a party to this action.

add KBS and Weinstein as of April 30, 2021, Plaintiff cannot establish the requisite diligence to support good cause to amend the Scheduling Order.  *See Parker,* 204 F.3d 326, 340-41 (2d Cir. 2000) (refusing to find good cause for late notice to amend where pleadings established plaintiff was in possession of the information necessary to assert new claim prior to expiration of scheduling order's deadline for motions to amend). Plaintiff's Second Motion requesting permission to add KBS as a defendant should therefore be DENIED.[8]

Although Defendant's motion for leave to file a third-party complaint did not reference Weinstein, Plaintiff cannot rely on such failure as excusing her belated motion to join Weinstein as a defendant because Plaintiff's Proposed Amended Complaint neither lists Weinstein as a defendant nor asserts any claim against Weinstein as required.  Moreover, the district court may properly deny leave where, as here, the proposed amended complaint fails to include any reference to a putative defendant such that it is not possible to discern what amendments are proposed.  *See Murray v. New York*, 604 F.Supp.2d 581, 588 (W.D.N.Y. 2009) ("[the] failure to submit a proposed amended complaint constitutes sufficient grounds to deny a motion to amend"). Further, because the Proposed Amended Complaint is devoid of allegation or even any reference to Weinstein, the Proposed Amended Complaint is futile as to Weinstein which is another ground to deny leave to amend.  *See Sacerdote*, 9 F.4[th] at 115 (futility of proposed amendment is a ground to deny leave to amend); *Reed v. Corning Incorporated*, 371 F.Supp.3d 87, 91 (W.D.N.Y. 2019) (despite liberal pleading standard,

---

[8] Had Plaintiff successfully moved to join KBS, Plaintiff likely would have discovered KBS's delegation of the snow and ice removal obligations to Weinstein at which time Plaintiff could have moved to add Weinstein.

court has discretion to deny motion to amend where proposed amendment would be futile because it could not withstand a motion to dismiss).  Accordingly, Plaintiff's Second Motion should also be DENIED as to the request to add Weinstein as a defendant.

Furthermore, the denial of Plaintiff's Second Motion insofar as it seeks to join KBS and Weinstein as defendants renders Plaintiff's additional requests to remand the matter to state court and extend the scheduling order to allow for further discovery moot.[9]  Plaintiff's Second Motion should thus be DISMISSED as moot as to these requests.[10]

## CONCLUSION

Based on the foregoing, Plaintiff's First Motion (Dkt. 24) is DISMISSED as moot; Plaintiff's Second Motion (Dkt. 25) is DENIED in part and DISMISSED as moot in part. SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:      March 31, 2023
            Buffalo, New York

---

[9] The court notes that if Plaintiff were permitted to add KBS and Weinstein as defendants, thereby destroying diversity, the court would be without jurisdiction to extend the deadline for discovery.
[10] Should the District Judge find that Plaintiff's Second Motion should be GRANTED thus requiring remand, this Decision and Order should be considered as a Report and Recommendation on the dispositive matter.